BELLATTY v. BARRETT MFG. CO.

C. J. MIERS & SON v. BELLATTY.

(Circuit Court of Appeals, First Circuit. May 29, 1912.)

Nos. 964, 965.

MASTER AND SERVANT (§ 316*)—THE RELATION—SERVANT OF INDEPENDENT CONTRACTOR.

A shipper of cargo on a schooner employed a company engaged in the general business of teaming and trucking to haul barrels of tar to the schooner for loading. The company sent a regular employé with a team and cart, who was directed by the shipper where to go for the tar and where to take it, but was given no further instructions. Through his negligence in unloading a barrel from his cart, it rolled off the wharf upon the deck of the schooner, some distance below, and struck and injured libelant. *Held* that, under the circumstances, the driver was not the servant of the shipper, but of the teaming company, which was an independent contractor and liable for his negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1242, 1243; Dec. Dig. § 316.*

Who are independent contractors, see note to Atlantic Transport Co. v. Coneys, 28 C. C. A. 392.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeals from the District Court of the United States for the District of Massachusetts.

Suits in admiralty by Adelbert L. Bellatty against the Barrett Manufacturing Company and against C. J. Miers & Son. Decree for respondent in first case, and libelant appeals, and for libelant in second case, from which respondent appeals. Both decrees affirmed.

For opinion below, see 192 Fed. 229.

George L. Dillaway, of Boston, Mass. (Coggan & Coggan, on the brief), for Adelbert L. Bellatty.

William Harold Hitchcock, of Boston, Mass. (Walter I. Badger, on the brief), for Barrett Mfg. Co.

M. O. Garner, of Boston, Mass., for C. J. Miers & Son.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. These cases arose on a libel in admiralty charging injury to Bellatty caused by the negligent rolling of a cask of tar, or pitch, from a wagon to a vessel lying at a wharf at Boston, which cask struck the libelant, and seriously injured him. The wagon belonged to Miers & Son, and was transporting merchandise belonging to the Barrett Manufacturing Company. The only question is whether Miers & Son or the Barrett Manufacturing Company was, for the time being, the employer of the teamster so as to be liable for his negligence. The question involved was the quite common question whether or not, for the purposes of the case, the owner of the team remained the employer of the teamster, or whether, under the circumstances, the team and the teamster were let to the Barrett Manufacturing Company under such circumstances that they became his immediate employers.

Thus the question involved was a mere question of fact which was fully discussed by the learned judge in admiralty, as appears by his opinion found in the record. While, perhaps, the case comes somewhat close to the line, yet we are of the opinion that the learned judge in admiralty was right.

In order to make sure of a remedy, Bellatty filed a libel against the Barrett Manufacturing Company and another one against Miers & Son. Miers & Son were held liable, and appealed. The Barrett Manufacturing Company were relieved by the court in admiralty, so that, in order to preserve all possible rights, Bellatty there appealed. The result is as follows:

In No. 965, Miers & Son, appellants, the decree of the District Court is affirmed, with interest; and the appellee, Bellatty, recovers his costs of appeal.

In No. 964, Bellatty, appellant, the decree of the District Court in favor of the Barrett Manufacturing Company is affirmed; and the Barrett Manufacturing Company, appellee, recovers its costs of appeal.